NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 12 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JAMES JOSEPH TIMPHONY and
SCARLET TIMPHONY,

          Plaintiffs-Appellants,

v.

CITY OF PASADENA, a public entity and
RAFAEL VERDUZCO,

          Defendants-Appellees.

No.    15-55144

D.C. No.
2:14-cv-04855-GW-AS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted October 3, 2016[**]
Pasadena, California

Before: REINHARDT, FERNANDEZ, and OWENS, Circuit Judges.

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Scarlet and James Timphony appeal from the District Court's dismissal of three claims arising from the towing of their car in 2014. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the judgment of the District Court.

1. The District Court correctly determined that Plaintiffs may not bring a private civil suit for damages under California Penal Code § 146. Under California law, a criminal statute authorizes private civil suits only where the legislature intended to create a private right of action or where compelling reasons of public policy justify the recognition of such a right. *See Animal Legal Def. Fund v. Mendes*, 160 Cal. App. 4th 136, 142 (Ct. App. 2008); *Vikco Ins. Servs., Inc. v. Ohio Indem. Co.*, 70 Cal. App. 4th 55, 62-63 (Ct. App. 1999). The text and legislative history of § 146 do not suggest that the legislature intended to create a private right of action. The statute simply creates criminal liability for certain forms of official misbehavior. Nor is there a compelling reason of public policy to authorize civil suits under § 146 given the remedies available under 42 U.S.C. § 1983. The California Supreme Court's decision not to recognize a private right of action for damages under a state constitutional provision in *Katzberg v. Regents of Univ. of California*, 58 P.3d 339 (Cal. 2002), does not support the recognition of a private right of action under § 146.

2. The District Court was also correct in its conclusion that Verduzco is entitled to qualified immunity with respect to Plaintiffs' claim under 42 U.S.C. § 1983. "The doctrine of qualified immunity protects government officials 'from civil liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Although towing constitutes a seizure under the Fourth Amendment, it is well established that it is reasonable if it serves the public purposes of easing traffic flow, promoting public safety and convenience, or mitigating the risk of vandalism or theft. *See South Dakota v. Opperman*, 428 U.S. 364, 369 (1976). A reasonable officer in Verduzco's situation could believe he was acting legally in towing the car despite its driver's protest. A reasonable officer, moreover, would not believe he was violating the Constitution in refusing to engage in on-the-spot adjudications of evidence and concluding that any dispute over the validity of the towing could be determined later by other municipal authorities.

3. The District Court correctly dismissed Plaintiffs' claim for intentional infliction of emotional distress. In order to state a claim for intentional infliction of emotional distress in California, a plaintiff must allege, among other things,

"outrageous" conduct by the defendant. *Trerice v. Blue Cross of Cal.*, 209 Cal. App. 3d 878, 883 (Ct. App. 1989). The conduct at issue here does not rise to that level.

The order of the district court is, therefore, **AFFIRMED**.

FILED

OCT 12 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**REINHARDT, J., dissenting:**

Timphony was present when his car was being towed. He told the officer that he had paid the outstanding parking tickets that supposedly authorized the towing, and that the receipts to prove it were in the glove compartment. The officer refused to allow him to retrieve those receipts and refused to look at them before proceeding with the towing. This conduct on the part of the parking enforcement officer was objectively unreasonable. I would, therefore, reverse the District Court's judgment that the officer is entitled to qualified immunity. At the very least, I would grant the Plaintiffs leave to amend their complaint so that they could allege facts that would make it even clearer that the officer's decision was objectively unreasonable.